# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0206V

| | |
|---|---|
| JOHN DAVENPORT,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 25, 2024 |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 26, 2020, John Davenport ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine administered on September 17, 2018. Petition at 1. On December 26, 2023, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 58.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,152.07 (representing $25,583.50 for fees and $568.57 for costs). Petitioner's Application for Attorneys' Fees, filed Feb. 28, 2024, ECF No. 63. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on March 13, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 64. Petitioner filed no reply.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2024 attorney hourly rates as follows: $300 for work performed by Leigh Finfer - representing a rate increase of $25. ECF No. 63 at 19. Additionally, Petitioner requests an hourly rates ranging from $140 to $177 for paralegal work. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred.

I note this case required additional briefing regarding the issue of entitlement. *See* Petitioner's Motion for Ruling on the Record, filed Oct. 5, 2022, ECF No. 49; Petitioner's Reply to Respondent's Response to Motion for a Ruling on the Record, filed on Nov. 17, 2023, ECF No. 52. Petitioner's counsel expended approximately 16.5 hours drafting the motion for a ruling on the record and 2.6 hours drafting the reply, for a combined total of 19.1 hours. ECF No. 45-1. Although on the higher end of time expended preparing a motion for a ruling on the record regarding entitlement in a case involving a SIRVA, I find this amount of time to be reasonable and will award the fees requested for this time.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 63 at 20-29. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $26,152.07 (representing $25,583.50 for fees and $568.57 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leigh Finfer.** In the absence

2

of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.